**LEE, LLC**
Peter Y. Lee, Esq.
770 River Road
PO Box 52
Edgewater, NJ 07020
(212) 808-0716
Peter.Lee@LeeAdvocates.Com E-Mail
*Attorneys for Plaintiff,*
*Watchung Dental Care PC d/b/a Watchung Dental Care*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
### (Newark Vicinage)

| | |
|---|---|
| WATCHUNG DENTAL CARE PC d/b/a Watchung Dental Care, | Civil Action No.: 2:23-cv-02123 |
| Plaintiff, | |
| vs. | |
| DENTAL CARE WATCHUNG LLC d/b/a Dental Care Watchung; DENTAL CARE OF PRINCETON LLC d/b/a Dental Care Princeton; DENTAL CARE BASKING RIDGE, LLC d/b/a Dental Care Basking Ridge; DENTAL ASSOCIATES OF STAMFORD, P.C. d/b/a Dental Care Stamford; JEROME SIMON a/k/a Jerry Simon; SERITAGE GROWTH PROPERTIES, L.P.; and JOHN DOES 1-10 (fictitious individuals and/or entities), | **COMPLAINT WITH JURY DEMAND** |
| Defendants. | |

Plaintiff, WATCHUNG DENTAL CARE PC d/b/a Watchung Dental Care,

through undersigned counsel, and for its complaint against Defendants, DENTAL

1

CARE WATCHUNG LLC d/b/a Dental Care Watchung; DENTAL CARE OF PRINCETON LLC d/b/a Dental Care Princeton; DENTAL CARE BASKING RIDGE, LLC d/b/a Dental Care Basking Ridge; DENTAL ASSOCIATES OF STAMFORD, P.C. d/b/a Dental Care Stamford; JEROME SIMON a/k/a Jerry Simon; SERITAGE GROWTH PROPERTIES, L.P.; and JOHN DOES 1-10 (fictitious individuals and/or entities), alleges as follows:

## <u>NATURE OF THE ACTION</u>

1.     Plaintiff, WATCHUNG DENTAL CARE PC d/b/a Watchung Dental Care brings this action to put an end to Defendants' unauthorized and infringing misappropriation of Plaintiff's well-known and distinctive trademark, "WATCHUNG DENTAL CARE."

2.     Without Plaintiff's consent, Defendant(s) has been using and continue to use in commerce a reproduction, copy or colorable imitation of Plaintiff's registered mark in connection with the sale, offering for sale, distribution or advertising of goods or services in the United States (including this District), or in connection with which such use that is likely to cause confusion, or cause mistake, or cause to deceive a reasonable consumer.

3.     Without Plaintiff's consent, Defendant(s) has reproduced, copied or colorably imitated Plaintiff's registered mark and applied same to labels, signs, prints, packages, wrappers or advertisements intended to be used in commerce

2

upon or in connection with the sale, offering for sale, distribution or advertising of goods or services in the United States (including this District), or in connection with which such use that is likely to cause confusion, or cause mistake, or cause to deceive a reasonable consumer.

4.     As explained below, Defendant, SERITAGE GROWTH PROPERTIES, L.P. is a commercial landlord who aided and abetted the foregoing unlawful acts in spite of Plaintiff's verbal and written warnings in *September 2021* not only to investigate the unlawful use of Plaintiff's marks but also communicate with its tenant(s) about same.

## THE PARTIES

5.     Plaintiff, WATCHUNG DENTAL CARE PC d/b/a Watchung Dental Care is a New Jersey professional corporation with an address at 1801 East 2nd Street, Scotch Plains, New Jersey 07076, where Plaintiff operates a dental office.

6.     Upon information and belief, Defendant, DENTAL CARE WATCHUNG LLC d/b/a Dental Care Watchung ("DCW") is a New Jersey company with an address at 1640 Route 22, Watchung, New Jersey 07069, where Defendant DCW operates a dental office only one mile away from Plaintiff's dental office.

7.     Upon information and belief, Defendant, DENTAL CARE OF PRINCETON LLC d/b/a Dental Care Princeton ("DCP") is a New Jersey company

with an address at 301 North Harrison Street, Princeton, New Jersey 08540, where Defendant DCP operates a dental office.

8.      Upon information and belief, Defendant, DENTAL CARE BASKING RIDGE, LLC d/b/a Dental Care Basking Ridge ("DCB") is a New Jersey company with an address at 11 Lyons Mall, Basking Ridge, New Jersey 07920, where Defendant DCB operates a dental office.

9.      Upon information and belief, Defendant, DENTAL ASSOCIATES OF STAMFORD, P.C. d/b/a Dental Care Stamford ("DCS") is a Connecticut professional corporation with an address at 1500 Summer Street, Stamford, Connecticut 06905, where Defendant DCS operates a dental office.

10.     Upon information and belief, Defendant, JEROME SIMON a/k/a Jerry Simon ("Simon") is an adult individual who resides at 1294 Rock Rimmon Road, Stamford, Connecticut 06903 and at all relevant times, owned, managed and supervised Defendants, DCW, DCP, DCB and DCS.

11.     Upon information and belief, Defendant, SERITAGE GROWTH PROPERTIES, L.P. ("Seritage") is a foreign partnership with an address of c/o The Corporation Trust Company, 820 Bear Tavern Road, West Trenton, New Jersey 08628; is the owner-of-record of the real estate located at 1640 Route 22, Watchung, New Jersey 07069, where Defendant DCW's office is located; and is

also the landlord to Defendant DCW under a lease or other agreement among them.

12.     Plaintiff is currently unaware of the true names and identities of Defendants, JOHN DOES 1-10, but is informed and believes that such persons and entities are liable for the violations alleged in this Complaint. Plaintiff may seek leave to amend this Complaint at an appropriate time to add specific information regarding these defendants upon determination of their true identities.

## JURISDICTION AND VENUE

13.     This is a civil action arising under the Lanham Act, 15 U.S.C. §1051 et seq., and state law.

14.     This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1332 and 1338.

15.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

16.     Venue is proper in New Jersey pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated in this judicial district. Alternatively, at least one defendant herein is subject to the Court's personal jurisdiction.

17.     This Court enjoys personal jurisdiction over all Defendants because they each reside or transact business within the State of New Jersey and this judicial district, whether directly or indirectly.

FACTUAL BACKGROUND

18.     For approximately 20 years, Plaintiff has operated as "Watchung Dental Care" in Scotch Plains, New Jersey.

19.     During this time, Plaintiff's sole owner-dentist worked hard and continues to work hard to gain the trust and loyalty of the local residents of Scotch Plains and its surrounding towns, including Watchung, New Jersey. Such goodwill has earned Plaintiff a growing patient base comprising many families with whom Plaintiff and its owner-dentist have developed personal relationships. Through such its dentist-owner's hard work and dedication, Plaintiff eventually became known locally as "Watchung Dental Care," through which name Plaintiff gained many valuable patient referrals.

20.     Plaintiff is the owner of U.S. Trademark Registration No. 6,906,133 for the mark "WATCHUNG DENTAL CARE" in connection with "dental care services," with a date of first use as December 3, 2023. The mark registered on the Principal Register on November 22, 2022. A copy of the registration certificate is attached as Exhibit 1.

21.    Plaintiff has used its mark extensively in its dental practice. For example, Plaintiff created the website, "watchungdentalcare.com" and continues to enjoy exclusive use of it today. The website provides valuable information not only to Plaintiff's existing patients but also prospective patients and referrals who wish to learn more about Plaintiff's dentist-owner, his specialties and the services available at Plaintiff's practice.

22.    Plaintiff's website touts many services, including "bonding and white filling," "bridges," "crowns," "dentures," "extractions," "dental hygiene and periodontal health," "extraction site preservation," "inlays and onlays," "TMJ" (temporomandibular joint), "night guards," and "post-op instructions."

23.    The website also shows the specialties offered, including "implants," "cosmetic," "orthodontic," "periodontic," "pediatric," and "endodontics."

24.    On information and belief, Defendants, DCW, Simon and JOHN DOES 1-10 each were aware not just about Plaintiff but, more importantly, also its dental office in Scotch Plains, New Jersey: At all relevant times, moreover, Defendants, Simon and JOHN DOES 1-10 each knew and had every reason to know that Plaintiff was known in Scotch Plains and neighboring Watchung, New Jersey, as "Watchung Dental Care."

25.    Within two years of the filing of this complaint, and notwithstanding such knowledge, Defendants, DCW, Simon and JOHN DOES 1-10 had located

commercial space in Watchung, New Jersey, approximately one mile away from Plaintiff's long-existing practice, and signed a lease with Defendant Seritage and other related documents, including permits, for the construction, preparation and opening of a new dental practice to be known as "Dental Care Watchung."

26.     During construction of their new dental practice in Watchung, Defendants, DCW, Simon, Seritage and/or JOHN DOES 1-10 put up an enormous banner facing the busy thoroughfare of Route 22, which countless motorists use to reach nearby Watchung Square mall, Blue Star Shopping Center, and Greenbrook Commons mall. The enormous read, in big bold letters, "Dental Care Watchung."



27.     On September 22, 2021, before Defendants, DCW and Simon opened for business in Watchung, New Jersey, Plaintiff's undersigned counsel reached out by telephone and email to Defendant Seritage at its corporate headquarters in New York City in order to apprise Defendant Seritage and its tenant about the unlawful use of the "Dental Care Watchung" name and have them reconsider the business name to be used at Defendant Seritage's commercial space.Despite reasonable, actual notice and warning of the unlawful use of the "Dental Care Watchung" name, Defendants, DCW, Simon and/or JOHN DOES 1-10 continued with their plans to open a dental office using such name.

28.     Once the offending dental office opened, Defendants, DCW and Simon not only knew about Plaintiff's existing "Watching Dental Care" practice but their "Dental Care Watchung" also allowed them to enjoy a more favorable position in any Google search for "watchung dental care" or "watchung dentist."

29.     Lo and behold, Defendants, DCW and Simon's practice appears first, well before Plaintiff's practice:



***



30.   Defendants, DCW, Simon and JOHN DOES 1-10 have been using and continue to use a reproduction, copy or colorable imitation of Plaintiff's "Watchung Dental Care" mark in connection with the sale, offering for sale, distribution or advertising of goods or services or in connection with which such use that is likely to cause confusion, or cause mistake, or cause to deceive a reasonable consumer.

31.   Defendants, DCW, Simon and JOHN DOES 1-10 have reproduced, copied or colorably imitated Plaintiff's "Watchung Dental Care" mark and applied same to labels, signs, prints, packages, wrappers or advertisements in connection with the sale, offering for sale, distribution or advertising of their goods or services.

32.   According to Defendant DCW's website, "dentalcarewatchung.com," the "services" available at its Watchung, New Jersey address include "general dentistry," "children's dentistry," "cosmetic care," and "specialty care." Such

10

"services" overlap with those available at Plaintiff's location one mile away in neighboring Scotch Plains, New Jersey.

33.    The unlawful use of Plaintiff's "Watchung Dental Care" mark is not limited to Defendants, DCW, Simon and JOHN DOES 1-10 or Watchung, New Jersey. Indeed, dentalcarewatchung.com directs any viewers to "contact" Defendants DCW or Simon at "dentist@dentalcareprinceton.com":

**Our Office**

1640 US-22 Watchung, NJ 07069
Email Us (mailto:dentist@dentalcareprinceton.com)

34.    On information and belief, Defendants, DCP, Simon and JOHN DOES 1-10 each are actively involved in Defendant DCW's business activities; have the right and ability to supervise Defendant DCW's business activities; have personally participated in and directed Defendant DCW's infringing activity, have authorized and approved Defendant DCW's infringing activity, and continue to direct Defendant DCW to engage in infringing activity despite knowledge of Plaintiff's mark.

35.    Defendants, DCP and JOHN DOES 1-10 each certainly cannot deny knowledge about or non-involvement with Defendant DCW because (a) Defendant Simon owns, controls and/or supervises both Defendants, DCP and DCW and (b)

users of Defendant DCW's website are specifically directed to "contact" Defendant DCP for any inquiries relating to Defendant DCW.

36.    To the extent Defendant Simon also owns, controls and/or supervises Defendants, DCB and DCS, and the identity of each and every individual or entity involved in Defendant DCW's infringing activity is unknown at this time, Plaintiff brings this action against Defendants, DCB, DCS, JOHN DOES 1-10 also.

37.    In sum, upon information and belief, Defendants' unauthorized use of Plaintiff's mark is and was designed to confuse and deceive customers into believing that they are purchasing goods and services from Plaintiff and cause them to mistakenly believe that there is affiliation between Plaintiff and/or its services, on the one hand, and Defendants and their services, on the other.

38.    Defendants' wrongful activities also incorrectly convey that their actions are authorized by Plaintiff. At least as a result of these wrongful acts, Defendants are unlawfully taking sales opportunities away from Plaintiff and enriching themselves at Plaintiff's hard work and expense.

39.    The actions of Defendants present an immediate, imminent risk to Plaintiff's business, reputation, and goodwill for which Plaintiff has no adequate remedy at law.

40.    Plaintiff will suffer damages and irreparable harm unless the Court enjoins Defendants, jointly and severally, from improperly using Plaintiff's mark to confuse consumers.

41.    Defendants each are profiting and will continue to profit from their unlawful actions.

42.    Defendants' actions are causing and will continue to cause Plaintiff economic damages in amounts presently unknown but will be determined at trial.

COUNT ONE
Trademark Infringement--15 U.S.C. §1114

43.    Plaintiff repeats and alleges all foregoing paragraphs as though set forth fully at length herein.

44.    Plaintiff is the lawful owner and registrant of the "Watchung Dental Care" mark.

45.    Defendants' continued uses of the "Watchung Dental Care" mark, without Plaintiff's authorization or consent, have caused and are likely to cause confusion or mistake, or to deceive consumers regarding the source, sponsorship and/or affiliation of the goods and services offered and sold by Defendants.

46.    Defendants each have acted willfully and deliberately and have profited and been unjustly enriched by sales they would not otherwise have made but for their unlawful conduct.

47.     By virtue of the foregoing, Defendants each have caused Plaintiff to suffer injuries for which it is entitled to recover compensatory damages, including, but not limited to, Plaintiff's lost profits.

48.     Defendants' acts are causing and continue to cause Plaintiff irreparable harm in the nature of loss of control over its reputation and loss of substantial consumer goodwill. This irreparable harm to Plaintiff will continue, without any adequate remedy at law, unless and until Defendants' unlawful conduct is enjoined by this Court.

49.     Plaintiff has been and will continue to be harmed by Defendants' conduct in an amount to be determined at trial, including the profits made by Defendants or any of their predecessors-in-interest from the sale of goods and services derived from using the "Watchung Dental Care" mark, along with the costs of this action pursuant to 15 U.S.C. §1117.

50.     Defendants' acts constitute trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. §1114(1)(a).

COUNT TWO
False Designation of Origin--15 U.S.C. §1125(a)

51.     Plaintiff repeats and alleges all foregoing paragraphs as though set forth fully at length herein.

52.     Plaintiff is the lawful owner and registrant of the "Watchung Dental Care" mark.

14

53.     By their unauthorized uses of the "Watchung Dental Care" mark, Defendants each have falsely designated the origin of their own goods and services and have competed unfairly with Plaintiff, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

54.     Defendants each have acted willfully and deliberately and have profited and been unjustly enriched by sales they would not otherwise have made but for their unlawful conduct.

55.     By virtue of the foregoing, Defendants each have caused Plaintiff to suffer injuries for which they are entitled to recover compensatory damages including, but not limited to, Plaintiff's lost profits.

56.     Defendants' acts are causing and continue to cause Plaintiff irreparable harm by virtue of its loss of control over its reputation and loss of substantial consumer goodwill. This irreparable harm to Plaintiff will continue, without any adequate remedy at law, unless and until Defendants' unlawful conduct is enjoined by this Court.

57.     Plaintiff has been and will continue to be harmed by Defendants' conduct in an amount to be determined at trial.

58.     Defendants' acts constitute false designation of origin and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

COUNT THREE
Trademark Counterfeiting--N.J.S.A. §56:3-13.16

59.     Plaintiff repeats and alleges all foregoing paragraphs as though set forth fully at length herein.

60.     Plaintiff owns all right, title and interest in and to the "Watchung Dental Care" mark, including all common law rights.

61.     Without Plaintiff's authorization, Defendants each misappropriated the "Watchung Dental Care" mark for their own analogous use in connection with dental care or dental services.

62.     Defendants' use of the "Watchung Dental Care" mark targets dental patients and members of the public generally in New Jersey.

63.     Defendants' use of the "Watchung Dental Care" mark has caused, and, unless enjoined, likely will continue to cause confusion or mistake as to the ownership or affiliation of the DCW name and practice in Watchung, New Jersey.

64.     Defendants' acts therefore constitute trademark counterfeiting in violation of N.J.S.A. §56:3-13.16.

65.     Plaintiff has been irreparably harmed, and, unless Defendants each are enjoined, will continue to be irreparably harmed by their use of the "Watchung Dental Care" mark.

66.     Plaintiff has no adequate remedy at law.

16

## COUNT FOUR
### Trademark Counterfeiting under Common Law

67.     Plaintiff repeats and alleges all foregoing paragraphs as though set forth fully at length herein.

68.     Since first operating "Watchung Dental Care" nearly 20 years ago, Plaintiff has owned all right, title and interest in and to the "Watchung Dental Care" mark, including common law rights.

69.     Defendants' use of the mark has caused, and, unless enjoined, likely will continue to erroneously convey that the DCW name and practice in Watchung, New Jersey is authorized by or otherwise affiliated with Plaintiff's own practice.

70.     Defendants' acts therefore constitute trademark infringement in violation of the common law.

71.     Plaintiff has been irreparably harmed, and, unless Defendants each are enjoined, will continue to be irreparably harmed by Defendants' use of the "Watchung Dental Care" mark.

72.     Plaintiff has no adequate remedy at law.

## COUNT FIVE
### Aiding and Abetting

73.     Plaintiff repeats and alleges all foregoing paragraphs as though set forth fully at length herein.

74.     At all relevant times and as alleged above, Defendants, DCW, DCP, DCB, DCS, Simon, and JOHN DOES 1-10, jointly and severally, engaged and participated in the unauthorized and infringing misappropriation of Plaintiff's well-known and distinctive trademark (the "unlawful act").

75.     Since September 22, 2021, Defendants, Seritage and JOHN DOES 1-10 each knew and certainly should have known that the then-pending plans to use the "Dental Care Watchung" business name was objectionable or at least warranted further investigation and discussion with Defendants, DCW, Simon and/or JOHN DOES 1-10.

76.     Rather than make any reasonable inquiries or even respond to Plaintiff's undersigned attorneys, Defendants, Seritage and JOHN DOES 1-10 instead knowingly and substantially assisted in the unlawful act by Defendants, DCW, Simon and/or JOHN DOES 1-10: Among other things, Defendants, Seritage and/or JOHN DOES 1-10 each allowed the offensive "Dental Care Watchung" signage to remain standing and visible to the general public, in spite of Plaintiff's protests that the signage and unlawful act would cause the reasonable likelihood of confusion and, more importantly, economic losses.

77.     At all relevant times and by virtue of actual notice given to them in September 2021, Defendants, Seritage and/or JOHN DOES 1-10 each were generally aware of their role as part of an overall tortious activity at the time they

rendered assistance, directly or indirectly, to Defendants, DCW, Simon and/or JOHN DOES 1-10.

WHEREFORE, Plaintiff respectfully requests the Honorable Court to:

A. Grant judgment in favor of Plaintiff and against Defendants, jointly and severally, on all counts

B. Preliminarily and permanently enjoin and restrain Defendants, their officers, agents, subsidiaries, servants, partners, employees, attorneys and all others in active concert or participation with them, from:

1. Making any use of the "Watchung Dental Care" mark, or any designation of origin confusingly similar thereto, including advertising, offering to sell, selling, or distributing, any goods or services incorporating the "Watchung Dental Care" mark;

2. Infringing or diluting any of the "Watchung Dental Care" mark;

3. Unfairly competing with Plaintiff in the advertising, offering for sale, sale, shipment and/or distribution of any dental care and related goods and services;

4. Disposing of, destroying, moving, secreting, relocating and/or transferring any and all of Defendants' goods and services incorporating the "Watchung Dental Care" mark, without court direction;

5.  Disposing of, destroying, moving, secreting, relocating and/or transferring any information, records, and/or documents in Defendants' possession pertaining to their purchase, importation, receipt, advertising, offering for sale, sale, shipment and/or distribution of any goods and services incorporating the "Watchung Dental Care" mark; and

6.  Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the aforementioned activities.

C.  Order Defendants, at their expense, to withdraw from the dentist/dental clinic market, account for and properly destroy any and all products bearing the "Watchung Dental Care" mark;

D.  Order Defendants, pursuant to 15 U.S.C. §1116, to serve on Plaintiff within thirty (30) days after service on Defendants of preliminary or permanent injunctive orders, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

E.  Defendants to account for, and pay over to Plaintiff, Defendants' profits and all damages sustained by Plaintiff;

F.  Increase the amount of damages and/or profits awarded to Plaintiff, as provided by law;

G. Award Plaintiff such treble and punitive damages for Defendants' willful and intentional acts of unfair competition and infringement of Plaintiff's rights that the Court shall deem just and proper;

H. Award Plaintiff the fees, costs and disbursements, and interest, expended in connection with any actions taken to investigate and confirm the claims made herein;

I. Award Plaintiff its reasonable attorney fees, costs, disbursements, and interest, as provided by law; and

J. Granting such other and further relief as the Court may deem just and proper.

DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

LEE, LLC
*Attorneys for Plaintiff*

/s/ Peter Y. Lee (PL-2405)
Date: Apr. 17, 2023        By:_____
PETER Y. LEE, ESQ.